IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ELIZABETH COOGAN-GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:15-cv-00054 |
| | ) | |
| WAL-MART STORES EAST, LP, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This case is before the court on defendant Wal-Mart's motion to dismiss plaintiff's claim for punitive damages, which is contained in her second amended complaint (Dkt. No. 125). (Dkt. No. 128.) Although the time for responding to the motion to dismiss has not yet elapsed, the court wants to rule on the motion expeditiously, in order to maintain both the current dates set for briefing of summary judgment and the trial date. Furthermore, the court previously received the benefit of briefing from the parties on the issue of the availability of punitive damages, because that very issue was briefed in conjunction with plaintiff's motion to amend the complaint to add a request for punitive damages. Thus, the court believes it has sufficient information to rule on the motion without extensive briefing. For the reasons set forth herein, the court will deny the motion to dismiss.

**I. BACKGROUND**

According to the second amended complaint, Ms. Coogan-Golden was injured while shopping in the Wal-Mart store in Staunton, Virginia on or about August 20, 2013. At the time, defendant Mountain Top was performing roofing work at the store, and plaintiff alleges that the vibrations from the roofing contractor's tools caused a hard object to fall from the ceiling and

strike her.  She suffered injuries as a result of the incident.  Her second amended complaint contains two counts, a count of "negligence" and a count of "willful, wanton and/or reckless negligence," the latter of which also includes a request for punitive damages.

In support of her second count, plaintiff alleges that in the three weeks leading up to incident in which she was injured, Wal-Mart had three other incidents in which objects fell from the ceiling of the Staunton store during roofing work.  In one, "debris fell from the ceiling . . . into a customer's eyes." (Second Am. Compl. ¶ 21.)  In the second, a mounted security camera cover fell from its attachment to the ceiling and struck a customer.  Plaintiff alleges that the camera fell "due to the roofing work and because it was improperly secured." (*Id.* at ¶ 23.)  In the third, a piece of conduit fell from the ceiling.  Plaintiff alleges that all of these incidents were known to Wal-Mart before plaintiff was injured, and plaintiff repeatedly alleges that, in response to these incidents, "nothing was done to protect the plaintiff or other customers at Wal-Mart." (*Id.* at ¶¶ 25, 26; *see also* ¶ 24 ("Wal-Mart did nothing to protect its customers.").)  Instead, she alleges that Wal-Mart considered implementing various safety precautions, "all of which were feasible prior to [her] injuries and would have prevented [her] injuries," but declined to do so. (*Id.* at ¶ 33.)

## II.  DISCUSSION

### A. Rule 12(b)(6) Is Not An Appropriate Procedural Tool for Dismissing a Specific Remedy

As a threshold matter, the court notes that Rule 12(b)(6) "does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety."  *Meeks v. Emiabata*, No. 7:14-cv-534, 2015 WL 1636800, at *2 (W.D. Va. Apr. 13, 2015) (collecting authority from this court and others so holding).  The basic rationale for this holding is that Rule 12(b)(6) is the proper procedural tool to dismiss a "claim" in its entirety, but

not a specific "demand for relief," which is only one part of the claim for relief. *Id.* at *2–3; *see also Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 631 (W.D. Va. 2014).

Pursuant to the ruling in *Meeks, Charles*, and the authority on which those cases rely, if the plaintiff here had simply added the allegations of willful and wanton conduct in her negligence claim and added a claim for punitive damages, the court would deny the motion to dismiss on the same grounds as it did in *Meeks*. In this case, though, plaintiff has set forth as a separate count a claim for willful, wanton &/or reckless negligence. So, the court must determine if that form of pleading makes a difference such that it is a separate "claim for relief" subject to dismissal. In view of all the circumstances in this case, the court concludes that the form of her pleading cannot control here. The only difference between her willful and wanton negligence claim and her claim for negligence in count I is that proof of willful and wanton conduct would render punitive damages available. So, it would make little sense to the court to allow dismissal under Rule 12(b)(6) of this "claim" simply because the plaintiff had set it forth as a separate count, when it is really just a request for additional relief, namely punitive damages. Accordingly, for the same reasons set forth in *Meeks*, the court will deny the motion to dismiss plaintiff's claim for punitive damages.

**B. Plaintiff Has Adequately Pleaded Facts Sufficient to Support a Claim of Willful and Wanton Negligence**

Even if the plaintiff's choice to plead willful and wanton negligence as a separate claim meant that her claim could be subject to dismissal under Rule 12(b)(6) for failure to state a claim, the court would still deny the motion to dismiss. As the court noted at the March 1, 2017 hearing, and for the reasons stated on the record, the court believes that plaintiff plausibly has

3

alleged enough facts to at least be entitled to additional discovery as to the issue of what Wal-Mart knew, when it knew it, and what steps it took in response to its knowledge.

In *Owens-Corning Fiberglas Corp. v. Watson*, 413 S.E.2d 630 (Va. 1992), the Supreme Court of Virginia defined willful and wanton as "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." 413 S.E.2d at 640 (citations omitted). In *Watson*, the court concluded that the defendant "committed certain positive acts which the jury could have concluded constituted willful or wanton conduct . . . ." *Id.* at 641. Specifically, there was evidence from which the jury could have concluded that "Owens-Corning knew that inhalation of dust from its . . . product could cause lung disease in humans, that it actively concealed this danger, and it did not warn insulators [like the plaintiff] of this hazard even though it warned its own employees." *Id.* at 642.

As Wal-Mart properly notes, wanton and willful negligence is a high threshold for a plaintiff to satisfy. It requires conduct even more egregious than gross negligence, which shows indifference to others and disregards prudence to the level that the safety of others is completely neglected. *Harris v. Harmon*, 486 S.E.2d 99, 101–02 (Va. 1997) (stating that willful and wanton negligence "generally involves some type of egregious conduct . . . going beyond that which shocks fair-minded people" and explaining that gross negligence, which occurs when a defendant "disregard[s] prudence to the level that the safety of others is completely neglected" and "shocks fair-minded people," is insufficient to state a punitive damages claim). Indeed, even in a case in which it concluded sufficiently willful and wanton conduct had been shown where a defendant drove the wrong way on the interstate and had a blood alcohol content of .22%, the

4

Supreme Court of Virginia nonetheless emphasized its "general reluctance to allow punitive damages in run-of-the-mill personal injury cases." *Booth v. Robertson*, 374 S.E.2d 1, 3 (Va. 1988).

Facts, adduced in discovery in this case as to what Wal-Mart knew and what it did in response, may well render plaintiff's claim for punitive damages subject to summary judgment. But plaintiff has alleged that Wal-Mart knew of a danger of objects falling from the ceiling and striking customers and that it knew the falling objects were related to roofing operations. Critically, plaintiff has repeatedly alleged that Wal-Mart did "nothing" in response to that known danger. *See, e.g.*, *Russell v. Wright*, 916 F. Supp. 2d 629, 660 (W.D. Va. 2013) (explaining that "[c]onduct that evinces some concern for the safety of others, such as attempts to neutralize dangers once they are known, will weigh against an award of punitive damages") (citing *Philip Morris, Inc. v. Emerson*, 368 S.E.2d 268 (Va. 1988)). At this stage of the case, then, plaintiff has pleaded sufficient facts to entitle her to discovery on her request for punitive damages.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss will be denied. An appropriate order will be entered.

Entered: March 13, 2017.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

5

Case 5:15-cv-00054-EKD-JCH   Document 133   Filed 03/13/17   Page 5 of 5   Pageid#: 1910